UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 3, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Michael K. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-1143-CDA

Dear Counsel:

On April 28, 2023, Plaintiff Michael K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14, 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 29, 2019, alleging that he became disabled that same day. Tr. 101, 263–66. The claim was denied initially and on reconsideration. Tr. 161–64, 140–45. On June 9, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–71. On October 27, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 98–117. After granting Plaintiff's request for review of that decision, the Appeals Council vacated the decision and remanded the case to the ALJ. Tr. 118–23.

The ALJ held a second hearing on October 11, 2022.[3] Tr. 9. On January 3, 2023, the ALJ determined for a second time that Plaintiff was not disabled within the meaning of the Social

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on April 28, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. The Court therefore substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

[3] The record before the Court lacks a transcript of the October 11, 2022 hearing.

*Michael K. v. O'Malley*
Civil No. 23-1143-CDA
May 3, 2024
Page 2

Security Act during the relevant time frame. Tr. 6–29. The Appeals Council denied Plaintiff's request for review of that decision, Tr. 1–5, so the ALJ's January 3, 2023 decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II. THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 29, 2019, the application date." Tr. 12. At step two, the ALJ found that Plaintiff suffered from severe "Bipolar disorder; Depression; Anxiety; Post-traumatic stress disorder ('PTSD'); Chronic Kidney Disease ('CKD'); Substance Abuse (Percocet/Cocaine); and Asthma." *Id.* The ALJ further determined that Plaintiff suffered from non-severe "hypertension, hyperlipidemia, diabetes mellitus, gastroesophageal reflux disease ("GERD"), chronic nausea, COVID, obesity, and anemia." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 13. The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except: He is occasionally able to climb ladders, ropes, scaffolds, ramps, or stairs. He is frequently able to balance and occasionally able to stoop, kneel, crouch, or crawl. He must avoid concentrated exposure to heat or humid conditions. He must avoid concentrated exposure to fumes, odors, dusts, gases or other pulmonary irritants. He must avoid work at unprotected heights. He is able to understand and carry out simple instructions and routine, repetitive tasks. He must avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). He is able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. He is occasionally able to change activities or work settings during the workday without it being disruptive. He is occasionally able to deal with changes in a routine work setting. He is able to have occasional interaction with supervisors, co-workers and/or the general public.

Tr. 17–18.  The ALJ found that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy.  Tr. 23.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 24.

### III.  LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla" and "somewhat less than a preponderance."  *Id.*  In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV.  ANALYSIS

Plaintiff argues that the ALJ "materially erred at the third step of the sequential evaluation process by failing to properly evaluate whether [his] impairments met or equaled the medical requirements for presumptive disability pursuant to 20 C.F.R. Part 404, Subpart P, App. 1, § 6.05[.]" ECF 12, at 7.  He also contends that the ALJ erroneously "discredit[ed] [his] well documented and disabling limitations because of non-compliance with treatment[.]"  *Id.* at 18.  Defendant counters that "Plaintiff has not, and indeed cannot, meet his burden as he cannot point to any medical findings equal in severity to all the specified medical criteria he claims his impairments meet or equal." ECF 14, at 6.  Defendant further avers that SSA regulations permitted the ALJ to consider Plaintiff's non-compliance with treatment, in conjunction with the other evidence, in reaching their decision.  *Id.* at 12–15.

The SSA's "Listing of Impairments" describes, "for each of the major body systems[,] [the] impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity[.]"  20 C.F.R. § 416.925(a).  At step three of the sequential evaluation process, an ALJ determines whether a claimant has "an impairment(s) that meets or equals" a listed impairment (a "Listing").  20 C.F.R. § 416.920(a)(4)(iii).  If the ALJ finds that the claimant's impairment or impairments *do* meet or equal a Listing, the ALJ must determine that the claimant is disabled.  *See id.*  "In evaluating a claimant's impairment[s], an ALJ must fully analyze whether [an] impairment meets or equals a 'Listing' where there is factual support that a listing could be met."  *Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

Relevant to this case, Listing 6.05 pertains to chronic kidney disease with impairment of kidney function.  20 C.F.R. pt. 404, subpt. P, app. 1 § 6.05.  To demonstrate that a claimant's impairments meet or equal Listing 6.05, a claimant must satisfy the criteria set forth in two separate

sections ("Paragraphs"). *See id.* The first Paragraph ("Paragraph A") requires "[r]educed glomerular filtration evidenced by one of the following laboratory findings documented on at least two occasions at least 90 days apart during a consecutive 12-month period": (1) "[s]erum creatinine of 4 mg/dL or greater"; (2) "[c]reatinine clearance of 20 ml/min. or less"; or (3) "[e]stimated glomerular filtration rate (eGFR) of 20 ml/min/1.73m2 or less." *Id.* § 6.05A. The second Paragraph ("Paragraph B") requires a claimant to demonstrate one of the following: (1) renal osteodystrophy; (2) peripheral neuropathy; (3) fluid overload syndrome; or (4) anorexia with weight loss. *Id.* § 6.05B.

Here, the ALJ determined that Listing 6.05 was "potentially applicable" but concluded that "Listing 6.05, subpart A, requires specific empirical evidence of reduced glomerular filtration, which is not found in the record evidence." Tr. 13. Plaintiff argues that the ALJ erred by failing to account for estimated glomerular filtration-rate testing contained in the record that appears to satisfy Listing 6.05's Paragraph A criteria. ECF 12, at 13. The Court agrees. A laboratory test conducted on December 13, 2021 recorded Plaintiff's "Estimated GFR" at "17 ml/min." Tr. 1004. On March 19, 2022, a laboratory test recorded Plaintiff's "Estimated GFR" at "15 ml/min." Tr. 1040–41. These two tests were conducted at least ninety days apart but in the span of less than one year. They thus appear to support a glomerular filtration-rate finding that satisfies Listing 6.05A. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 6.05A. Nevertheless, the ALJ did not discuss either of these tests. The ALJ simply concluded that there was "no evidence" of an "estimated glomerular filtration rate (eGFR) of 20 m./min/1.73m2 or less[.]" Tr. 104.

When "a fair amount of evidence [is] supportive" of a claimant's ability to satisfy a Listing's criteria, "[a] full explanation by the ALJ" of why the claimant does not meet or equal the Listing "is particularly important[.]" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). Here, the ALJ failed to mention—let alone evaluate—testing that suggests Plaintiff's ability to satisfy Listing 6.05's Paragraph A criteria. "[T]he ALJ's failure to adequately explain [their] reasoning" on this issue "precludes this Court . . . from undertaking a 'meaningful review' of the finding that [Plaintiff] did not satisfy" Paragraph A's criteria. *Id.* at 296 (quoting *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

Additionally, the ALJ failed to address whether Paragraph B's criteria were satisfied. *See* Tr. 6–29. When an ALJ does not "compare[] each of the listed criteria to the evidence" after identifying a relevant Listing, "it is simply impossible to tell whether there was substantial evidence to support the [ALJ's] determination." *Cook*, 783 F.2d at 1173. Because it is not the Court's "province" to determine whether a claimant satisfies a Listing's criteria, the Court will not attempt to determine "in the first instance" whether the Paragraph B criteria were satisfied. *Radford*, 734 F.3d at 296; *see also Figgs v. Saul*, No. JMC-20-334, 2021 WL 3930708, at *5 (D. Md. Sept. 2, 2021) ("[W]hile Defendant offers some medical evidence in support of the argument that Listing 1.04A is not met, it is not the province of this Court to cobble together a meaningful explanation for a determination that a Listing [was] not satisfied.") (citation omitted).

In sum, the ALJ's "insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings," thus necessitating remand. *Radford*, 734 F.3d at 295 (citing *Cook*, 783 F.2d at 1173). On remand, the ALJ should

"specific[ally] appl[y]" Listing 6.05's criteria to the evidence and explain why the evidence does or does not support a finding that the Listing is met or equaled. *Id.* Because the case is being remanded on these grounds, the Court need not address Plaintiff's other argument. The ALJ is welcome to consider that argument and, if necessary, to adjust their decision accordingly. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g). The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge